**PYRO MINING COMPANY, et al. (88–3051); Apache Mining Company, et al. (88–3052); Warner Coal Company (88–3665); Petitioners,**

v.

**John M. SLATON, et al. (88–3051); Millis Roberts, et al. (88–3052); L.C. Saylor, et al. (88–3665); Respondents.**

Nos. 88–3051, 88–3052 and 88–3665.

United States Court of Appeals,
Sixth Circuit.

Argued May 15, 1989.

Decided June 29, 1989.

188

Laura Metcoff Klaus, Mark E. Solomons (argued), Arter & Hadden, Washington, D.C., for petitioners.

Henry E. Hayden, Hayden & McKown, Hartford, Ky., Byron L. Hobgood, Charles Frankin (argued), Madisonville, Ky., for John M. Slaton.

Rae Ellen Frank James, Asst. Sol., Washington, D.C., Barbara J. Johnson, Nicholas J. Levintow, Thomas L. Holzman, Sylvia T. Kaser (argued), U.S. Dept. of Labor, Office of the Solicitor, Washington, D.C., for Office of Workers' Compensation Programs.

Stephen R. Chappell (argued), Landrum & Shouse, Lexington, Ky., for L.C. Saylor.

Before MARTIN and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

In these consolidated cases, petitioners Pyro Mining Company, Apache Mining Company, Warner Coal Company and Old Republic Insurance Company seek review of a decision of the Benefits Review Board denying them an opportunity for a hearing before an administrative law judge in claims arising under Part C of the Black Lung Benefits Act, 30 U.S.C. §§ 901–945. Because of our holding in *Warner Coal Company v. Director, Office of Workers' Compensation Programs,* 804 F.2d 346 (6th Cir.1986) and the applicable statutory and regulatory provisions, we reverse the decision of the Benefits Review Board.

The relevant procedural history of the three cases is substantially similar. In all cases, the Department of Labor allegedly failed to provide adequate notice of the pendency of black lung claims to the insurance carrier for the claimants' employers. Petitioners contend that, because of the improper and inadequate notice of claims, they were unable to file a responsive pleading within the required thirty-day period. Due to the petitioners' untimely filing of their controversion forms, the Department of Labor entered default judgments against them. Although the Department's deputy commissioner did not believe that inadequate notice constituted "good cause" for the petitioners' failure to respond within the thirty-day period, he agreed to their request for an adjudication of the good cause issue by an administrative law judge.

Following the requested hearings, the administrative law judges, in all three cases, found good cause for the petitioners' delay in filing their pleadings and ruled the pleadings were timely. Subsequently, the Benefits Review Board issued orders in the *Slaton* and *Saylor* cases vacating the administrative law judges' decisions, stating that the administrative law judges acted beyond their jurisdiction in determining whether the petitioners showed good cause. *Slaton v. Pyro Mining Company,* BRB No. 82–1150 (May 15, 1985); *Saylor v. Warner Coal Company and Old Republic Companies,* BRB No. 82–1026 (February 28, 1985). In the third case, *Roberts,* the administrative law judge reversed himself on the basis of the Board's holdings in *Slaton* and *Saylor,* concluding that he had no jurisdiction to consider good cause and remanding the case to the deputy commissioner. *In the Matter of Millis Roberts,* Case No. 83–BLA–3915 (November 14, 1985). The petitioners then appealed the

Board's decisions in *Slaton* and *Saylor* to this court in the case of *Warner Coal,* 804 F.2d 346 (6th Cir.1986). Following our decision in *Warner Coal,* the Board, on remand, issued further orders again vacating the decisions of the administrative law judges in *Slaton* and *Saylor* on the ground that an administrative law judge had no jurisdiction to review the deputy commissioner's conclusion that good cause was not shown for the petitioners' untimely filing of their controversion forms. *Slaton v. Pyro Mining Company and Old Republic Companies,* BRB No. 82–1150 (November 30, 1987); *Saylor v. Warner Company and Old Republic Companies,* BRB No. 82–1026 (April 14, 1988). Similarly, the Board held, in its review of the deputy commissioner's decision on remand in *Roberts,* that the administrative law judge had no authority to determine whether good cause existed for the untimely controversion. *Roberts v. Apache Mining Company and Old Republic Companies,* BRB No. 85–2861 (December 31, 1987). The petitioners now appeal all three cases to this court.

On appeal, the petitioners make two major arguments. First, the petitioners argue that an administrative law judge has jurisdiction to decide whether the Department of Labor provided adequate notice to them concerning the pendency of black lung benefits claims. Second, the petitioners contend that the administrative law judges in the *Slaton* and *Saylor* cases did not err in excusing for good cause the petitioners' untimely filing of their controversion forms. We agree with petitioners that, under our decision in *Warner Coal,* an administrative law judge does have jurisdiction to decide whether adequate notice was provided to the petitioners. We also agree that the administrative law judges in *Saylor* and *Slaton* committed no errors in excusing the petitioners' untimely filing.

In *Warner Coal,* this court held that, as a matter of both constitutional law

and statutory interpretation, insurance carriers were entitled to adequate notice of black lung claim proceedings. 804 F.2d at 347. We, however, did not reach the question of whether an administrative law judge had jurisdiction to determine the adequacy of notice provided to the carrier under the particular facts of the *Saylor* and *Slaton* cases, but remanded that question to the Board for reconsideration in light of our decision. On remand, the Board held that the administrative law judge had no jurisdiction to review the deputy commissioner's conclusion that petitioners failed to show good cause, but, in direct contravention of our explicit instructions in *Warner Coal,* the Board stated it "need not decide whether the administrative law judge has jurisdiction to decide the issue of adequacy of notice to a carrier or an employer." *Slaton v. Pyro Mining Company and Old Republic Companies,* BRB No. 82–1150 at 5, n. 8 (November 30, 1987); *Saylor v. Warner Coal Company and Old Republic Companies,* BRB No. 82–1026 at 5, n. 8 (April 14, 1988). To finally resolve the jurisdictional dispute at issue in these cases, we hold that, under the applicable federal statute and regulations, administrative law judges do have jurisdiction to rule on the adequacy of notice given to carriers and employers in black lung cases.

An examination of the relevant statutory and regulatory provisions clearly shows that administrative law judges must be found to have jurisdiction to decide questions concerning notice.[1] At the direction of Congress, claims for benefits under the Black Lung Benefits Act are processed according to the procedures delineated in the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (Longshore Act), except as otherwise provided by regulations of the Secretary of Labor. 30 U.S.C. § 932(a); *Saginaw Mining Co. v. Mazzulli,* 818 F.2d 1278, 1279 (6th Cir. 1987). The claims procedure is set forth in

---

1. It is instructive to note that the federal respondent in these three cases, the Director of the Office of Workers' Compensation Programs of the United States Department of Labor, agrees with the petitioners that an administrative law judge has jurisdiction to determine *de novo* whether a party received adequate notice of a claim or established good cause to excuse the late filing of a controversion form.

Section 19 of the Longshore Act, 33 U.S.C. § 919. A claim is filed with the deputy commissioner who has "full power and authority to hear and determine all questions in respect of such claim." § 919(a). Upon the application of any interested party, however, the deputy commissioner must order a hearing, which is to be conducted by an administrative law judge. § 919(c) and (d). Thus, according to statute, the petitioners have a right to a hearing before an administrative law judge on all questions in respect of a claim.

Similarly, the regulations promulgated by the Secretary of Labor clearly provide the petitioners with a right to a hearing before an administrative law judge. Section 725.450 states that "any party to a claim ... shall have a right to a hearing concerning any contested issue of fact or law unresolved by the deputy commissioner." 20 C.F.R. § 725.450 (1988). In addition, Section 725.451 provides that, after the completion of proceedings before the deputy commissioner, any party may request a hearing "on any contested issue of fact or law." If such a hearing is requested, then "the claim shall be referred to the Chief Administrative Law Judge for a hearing." 20 C.F.R. § 725.451 (1988). Section 725.455 discusses hearing procedures. According to this section, the purpose of a hearing "shall be to resolve contested issues of fact or law." In our opinion, the alleged inadequacy of the notice given to the petitioners must be regarded as a contested issue of fact, which, under Section 725.455, is to be resolved in a hearing conducted by an administrative law judge. This section also makes clear that such a hearing before the administrative law judge is to be a *de novo* proceeding because the section specifies that "any findings or determinations made with respect to a claim by a deputy commissioner shall not be considered by the administrative law judge." 20 C.F.R. § 725.455 (1988). Under these regulations, we believe that the petitioners have a right to a *de novo* hearing conducted by an administrative law judge on the question of the adequacy of notice given in each of the three cases.

Our decision in favor of petitioners is further supported by the rationale, if not the plain language, of our previous holding in *Warner Coal.* In that case, we emphasized the "long line of due process cases" holding that "adequate notice is required where individual interests may be adversely affected by a proceeding or adjudication." 804 F.2d at 347. *See, e.g., Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982). But this constitutional right to be given adequate notice and an opportunity to defend would be illusory indeed if an individual were denied any means to challenge as being inadequate the notice afforded him in particular cases. We therefore believe that the Board's denial of the petitioners' statutory and regulatory right to an administrative hearing on the adequacy of the notice provided to them is also constitutionally suspect.

We additionally agree with petitioners that the administrative law judges committed no reversible error in excusing for good cause the untimely filing of the controversion forms in *Slaton* and *Saylor.* As discussed above, this court held in *Warner Coal* that an insurance carrier for a coal mine operator employing black lung claimants is entitled to adequate notice of claims for benefits. The relevant Department of Labor regulations define "notice" to include "a copy of the claimant's claim form and a copy of all documentary evidence pertaining to the claim obtained by the deputy commissioner, if any, and the initial findings of the deputy commissioner, if any." 20 C.F.R. § 725.412(b). In *Slaton,* the insurance carrier's notification failed to include the claim form and the claimant's employment record. Similarly, in *Saylor,* the notification provided to the insurance carrier did not include the claim form or other documentary evidence relating to the claim. Because of this lack of documentation in the notification received by the insurance carrier, the administrative law judges found the initial notice given to the insurance carriers in *Slaton* and *Saylor* to be inadequate. Following our examination

of the record in light of the abovecited applicable regulations, we conclude that the Board erred in overturning the decisions of the administrative law judges excusing, due to the inadequacy of notice, the petitioners' late filing of the controversion forms in *Slaton* and *Saylor*.

An administrative law judge's findings of fact and conclusions of law may be set aside by the Board on review only if not supported by substantial evidence in the record considered as a whole or if not in accordance with law. *Zimmerman v. Director, Office of Workers' Compensation Programs*, 871 F.2d 564, 566 (6th Cir. 1989); 20 C.F.R. § 802.301(a). The Board may not engage in a *de novo* review but may only review the decision of an administrative law judge for errors of law and to determine whether the factual findings of the administrative law judge are supported by substantial evidence. *Director, Office of Workers' Compensation Programs v. Rowe*, 710 F.2d 251, 254 (6th Cir.1983); 20 C.F.R. § 802.301(a). Similarly, our task in reviewing decisions of the Board is limited to ensuring that the Board has not committed any legal errors and that the Board has not exceeded its statutory scope of review of the administrative law judge's factual determinations. *Rowe*, 710 F.2d at 254; *Gibas v. Saginaw Mining Co.*, 748 F.2d 1112, 1116 (6th Cir.1984). After reviewing the record in this case, we find that the Board committed two major errors in reversing the decisions of the administrative law judges in *Saylor* and *Slaton*. First, the Board disregarded the factual findings of the administrative law judges and exceeded its statutory scope of review by engaging in a *de novo* review of the good cause issue. The Board therefore erred in failing to affirm the decisions of the administrative law judges which, in our opinion, were in accordance with the law and were supported by substantial evidence in the record. Second, as previously discussed, the Board erred legally in its conclusion that an administrative law judge has no jurisdiction to review a decision of the deputy commissioner that good cause was not shown for an untimely controversion. For these reasons, we conclude that the Board erred in *Saylor* and *Slaton* by overturning the legally correct and factually supported decisions of the administrative law judges excusing the petitioners' late filing of their controversion forms.

In denying the jurisdiction of the administrative law judge to review the deputy commissioner's conclusion that the petitioners failed to establish good cause for filing untimely pleadings, the Benefits Review Board not only ignored this court's directive in *Warner Coal* but also contravened the procedures established by Congress and the regulations adopted by the Department of Labor for the adjudication of black lung claims. Because we believe that the administrative law judge has jurisdiction to determine *de novo* whether the petitioners received adequate notice of any claim or established good cause to excuse the late filing of a controversion form, we reverse the decisions of the Board in these cases. As we further find that the Board erred in *Pyro Mining Co. v. Slaton* and *Warner Coal Co. v. Saylor* in reversing the administrative law judges' determinations that the petitioners established good cause to excuse their untimely controversion, we conclude that the petitioners' late pleadings should be excused. *Slaton* and *Saylor* are accordingly remanded to the Board for a consideration of the merits of the claimants' appeals. *Apache Mining Co. v. Roberts* is returned to the Board to be returned to an administrative law judge for a hearing on the petitioner's assertion of good cause and, if necessary, on the merits of Roberts' claim.

The three decisions of the Benefits Review Board are reversed.