895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert NEWMAN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-3375.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Newman appeals the decision of the Black Lung Benefits Review Board denying his claim for black lung disability benefits.
 
 
 2
 Robert Newman worked in the coal fields of Alabama between 1938 and 1948. He suffers from a shortness of breath when walking and has difficulty sleeping. On May 15, 1973, Newman filed a claim for black lung disability benefits under 30 U.S.C. Sec. 901 et seq. This claim was denied on January 29, 1981. Newman filed a second black lung disability benefits claim on March 30, 1984, which was denied on May 30, 1984, and denied again on June 6, 1984 after he submitted additional evidence.
 
 
 3
 Following a formal hearing, the administrative law judge issued a decision denying benefits on June 12, 1987. This decision was affirmed by the Benefits Review Board on April 18, 1989 and Newman now appeals to this Court.
 
 
 4
 Our scope of review in appeals from the Benefits Review Board is narrow. The administrative law judge hears the evidence and makes findings of fact. The Board itself on review may only set aside an administrative law judge's findings of fact and conclusions of law if they are not supported by substantial evidence in the record considered as a whole or if not in accordance with law. Pyro Mining Co. v. Slaton, 879 F.2d 187 (6th Cir.1989); 20 C.F.R. Sec. 802.301(a). This Circuit has repeatedly ruled that we must affirm the Board's decision if the Board has not committed any legal errors or exceeded its statutory scope of review of the administrative law judge's factual determinations. See Pyro Mining Co. v. Slaton, supra.
 
 
 5
 The Director does not dispute that Newman suffers from pneumoconiosis, nor does Newman dispute the finding that he was a coal miner for only seven years. Therefore, the sole issue presented before this Court is whether Newman suffers total disability from pneumoconiosis.
 
 
 6
 The substantial evidence in the Record supports the administrative law judge's finding that Newman was not totally disabled from pneumoconiosis. The administrative law judge considered the testimony of several physicians regarding Newman's disability. Newman contends that the Board should be reversed because his experts, Dr. Clarke and Dr. Penman, produced evidence that Newman was totally disabled by pneumoconiosis. Although Dr. Clarke testified that Newman's chest x-ray showed simple pneumoconiosis, the persuasiveness of that testimony was questioned because Clarke was not a B-reader nor a Board-certified radiologist. Moreover, the weight of the extensive medical testimony established that Newman's chest x-rays were normal and were negative as to pneumoconiosis.
 
 
 7
 The Board correctly affirmed the administrative law judge's decision that the Newman failed to carry his burden of proof in establishing total disability due to pneumoconiosis. The administrative law judge properly considered the medical reports and credited the findings best supported by the objective evidence. Substantial evidence supports the administrative law judge's decision that the totality of the evidence in this record fails to demonstrate that the claimant is totally disabled due to pneumoconiosis. Newman is, therefore, not entitled to black lung disability benefits.
 
 
 8
 The decision of the Board is affirmed.