940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James TRENT, Petitioner,
v.
SOUTH EAST COAL COMPANY and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 90-3993.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1991.
 
 Before MERRITT, Chief Circuit Judge, and ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner James Trent appeals pro se from the Benefit Review Board's (the "Board") holding that his disability claim was deemed abandoned for failure to request a hearing within sixty-days after a notice of the denial of benefits was mailed to him, as required under 20 C.F.R. Sec. 725.410(c)(1), and that the deputy commissioner had no authority to extend the sixty-day time limit. For the reasons stated below, the Board's order is affirmed.
 
 I.
 
 2
 James Trent filed a claim with the Department of Labor ("DOL") on January 17, 1979 under Part C of the Black Lung Benefits Act, 30 U.S.C. Sec. 901-945 (1982). The DOL initially approved Trent's application and identified respondent South East Coal Company ("South East Coal") as the responsible operator liable for payments of any benefits ultimately awarded. After reviewing the evidence submitted by South East Coal, however, the DOL notified Trent by letter dated July 9, 1981 that his federal claim for black lung disability benefits was denied. Pursuant to section 725.410(c), the DOL also notified Trent in the July 9, 1981 letter that he had sixty-days within which to request a hearing before his claim would be deemed abandoned. Because Trent failed to respond within sixty-days, the DOL's denial of his claim became final.
 
 
 3
 On or about March 22, 1983, Trent sent the DOL an affidavit notifying them that he had engaged a new attorney and that he was requesting a re-opening of his claim. Trent's affidavit further stated that: his former attorney had informed him that he had requested a hearing within sixty-days of the July 9, 1981 notice of the denial of benefits; he had believed and relied on his attorney's false representations; and he should not be penalized for his attorney's failure to request a hearing. A DOL claims examiner later advised Trent that "good cause" existed for his untimely "appeal." In a follow-up letter dated April 19, 1983, the deputy commissioner indicated that Trent's affidavit had been treated as a request for a finding of "good cause" to extend the time for requesting a hearing under section 725.410(c). As a result, Trent's case was referred to the Office of Administrative Law Judges for a hearing.
 
 
 4
 After a hearing on November 20, 1986, the ALJ found the evidence sufficient to invoke the presumption under 20 C.F.R. Sec. 410.490(b), that South East Coal had failed to rebut the presumption, and, thus, awarded Trent benefits under Part 410. The ALJ did not review the deputy commissioner's finding of good cause for the untimely hearing request, concluding that the Board was the proper forum to entertain such an appeal.[1]
 
 
 5
 South East Coal filed a motion for reconsideration before the ALJ, again arguing that the claim should have been dismissed because the deputy commissioner lacked authority to extend the sixty-day period for requesting a formal hearing provided by section 725.410(c). On December 11, 1987, the ALJ rejected these contentions.
 
 
 6
 On appeal to the Benefits Review Board, South East Coal contended: (1) that the deputy commissioner erred in finding good cause for Trent's untimely request for rehearing under section 725.410(c); and (2), in the alternative, that the ALJ erred in invoking the presumption under section 410.490(b)(1)(i) and in finding that the presumption was not rebutted pursuant to section 410.490(c). The Board held in favor of South East Coal stating: "Because claimant failed to protect his rights by requesting an extension of the time during the sixty-day period, the deputy commissioner was without authority to grant claimant's request for a hearing and thus claimant's application for benefits is no longer viable and must be deemed abandoned."
 
 II.
 
 7
 Trent argues that the Board erred in finding that the deputy commissioner acted outside his authority in finding "good cause" to extend the time for requesting a hearing under 20 C.F.R. Sec. 725.410(c). A Board decision construing a provision of the code or regulations thereunder presents a question of law which is reviewed de novo by this court. Pyro Mining Co. v. Slaton, 879 F.2d 187 (6th Cir.1989).
 
 
 8
 Section 725.410(c) provides in pertinent part:
 
 
 9
 (c) If the evidence submitted does not support an initial finding of eligibility, the deputy commissioner shall so notify the claimant in writing. This notification shall specify the reasons why the claim cannot be approved, the additional evidence necessary to establish entitlement, the right of the claimant to submit additional evidence, and the right to request a hearing. Within 60 days from the mailing of such notice, unless such period is extended by the deputy commissioner for good cause shown, the claimant may submit new evidence or request a hearing. If the claimant:
 
 
 10
 (1) Takes no action within the specified 60 day period, the claim shall be considered denied by reason of abandonment (see Sec. 725.409). (emphasis added).
 
 
 11
 A plain reading of section 725.410(c) authorizes the deputy commissioner to grant a request for a hearing only when the request is submitted within sixty-days of the notice of non-eligibility. See Fetter v. Peabody Coal Co., 6 BLR 1-1173, 1-1175 (1984) (a deputy commissioner "is not empowered to permit additional time to request a hearing on the merits of the claim if application for such extension is not initiated prior to the expiration of the 60-day period."); see generally Jordan v. Director, Office of Workers' Compensation Programs, 892 F.2d 482, 486 (6th Cir.1989) (parties to black lung litigation "must strictly adhere" to the procedural requirements of the Act and of DOL regulations); Danko v. Director, Office of Workers' Compensation Programs, 846 F.2d 366 (6th Cir.1988) (filing deadline in black lung case strictly construed). Because Trent failed to request a hearing within sixty-days of the mailing of the notice of the denial of his claim, it was properly deemed abandoned under section 725.410(c)(1).
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Subsequent to the ALJ's decision, this court held that the ALJ does have jurisdiction to review "good cause" determinations by the deputy commissioner. Pyro Mining Co. v. Slaton, 879 F.2d 187 (6th Cir.1989)