McGINNIS, INC. and Frank
Gates/Acclaim
Petitioners,

v.

Jeffrey Lee MARTIN and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 00–4159, 00–4604.

United States Court of Appeals,
Sixth Circuit.

Dec. 17, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

PER CURIAM.

Defendant-employer McGinnis, Inc., ("McGinnis") appeals two decisions of the Benefits Review Board of the United States Department of Labor (the "Board"). In *McGinnis, Inc. v. Martin, et al.,* 00–4159 (*"McGinnis I "*), the Board affirmed an Administrative Law Judge's ("ALJ") decision to award Plaintiff-employee Jeffrey Lee Martin ("Martin") attorney's fees for his worker's compensation claim against McGinnis brought under Section 28 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 928 (the "Longshore Act"). The Board also affirmed the ALJ's finding that Martin's attorneys properly billed their client in quarter-hour increments. In *McGinnis, Inc. v. Martin, et al.,* 00–4604n (*"McGinnis II "*), the Board awarded Martin attorney's fees for defending the appeal to the Board in *McGinnis I.* The Board again found that Martin's attorneys properly billed their client in quarter-hour increments and denied McGinnis's request to lower the number of hours that Martin's attorneys claimed compensable. For the reasons set

forth below, we AFFIRM the Board's decision.

## I. FACTUAL AND PROCEDURAL HISTORY

These actions arise out of a workers' compensation claim brought by Jeffrey Martin for and injury suffered to his left hand while working at McGinnis on September 6, 1995. After the injury, Martin alternated between working light duty for McGinnis and being unable to work at all due to lingering hand and wrist pain. On January 21, 1997, due to the severe pain, Martin stopped working altogether.

Martin was paid compensation by the Ohio Bureau of Worker's Compensation (the "OBWC") pursuant to Ohio worker's compensation laws from the date of the injury until December 1997. After the state benefits were cut off, on December 11, 1997, Martin requested that McGinnis initiate compensation payments pursuant to the Longshore Act. McGinnis denied the request. Eventually, beginning on May 18, 1998, Martin resumed receiving compensation benefits under the Ohio laws.

Although initially denying that Martin was covered by the Longshore Act, McGinnis reversed its position prior to the formal hearing and stipulated that Martin was entitled to coverage under the Longshore Act. However, at the hearing before the ALJ, McGinnis disputed the extent of coverage, claiming that Martin was able to return to his usual employment or a suitable alternative thereof. The ALJ rejected both of these claims. The ALJ found that the disability was temporary and awarded Martin compensation for the following periods: (1) September 6 to October 24, 1995; (2) December 2, 1995 to February 6, 1996; and (3) January 22, 1997 and continuing, as well as medical benefits.

After the initial decision, Martin's counsel submitted a petition to the ALJ for $26,062.50 in attorney's fees representing 182.25 hours at an hourly rate of $150 for lead counsel and an hourly rate of $125 for associate counsel, plus costs of $5,680.35. The fees were submitted in one-quarter-hour-minimum blocks. In his Supplemental Decision and Order Granting Attorney's Fees, the ALJ awarded Martin the fees requested. In *McGinnis I*, the ALJ rejected McGinnis's objections to (1) awarding the fee at all, and (2) use of the quarter-hour-minimum blocks for calculating attorney's fees. On appeal, the Board affirmed the ALJ's decision.

In *McGinnis II*, McGinnis objected to Martin's attorneys (1) billing in quarter-hour-minimum blocks for defending the appeal before the Board, and (2) billing 10.5 hours for the appeal when the briefs filed before the ALJ and the Board were substantially the same. The Board also rejected these arguments and awarded Martin $1,575.00 in fees.[1] McGinnis then appealed both decisions to this Court.

## II. ANALYSIS

Under § 21 of the Longshore Act, we must affirm the Board's decision if it is supported by substantial evidence in the record and in accordance with the law. *See* 33 U.S.C. § 921; *Pyro Mining Co. v. Slaton*, 879 F.2d 187 (6th Cir.1989).

Section 28 of the Longshore Act allows a claimant to recover "reasonable attor-

---

1. Martin was awarded a total of $1,837.50. This included the $1,575.00 for the appeal, and an additional $262.50 for 1.75 hours spent responding to a motion to reconsider filed by McGinnis. Originally, McGinnis's attorneys failed to meet the response deadline to Martin's motion for attorney's fees. A default judgment was entered, at which point McGinnis moved the court to reconsider. The court granted McGinnis's motion to reconsider, but also granted Martin's motion for attorney's fees.

ney's fees" if the claimant "successfully prosecutes" the claim. What constitutes a successful prosecution depends, in part, on an employer's actions after receiving a complaint. Under § 28(a), if an employer declines to pay compensation within thirty days of receiving written notice of the claim on the ground that there is no liability for compensation within the provisions of the act, and the claimant's attorney's services result in a successful prosecution of the claim, the employer must pay the claimant's reasonable attorney fees. 33 U.S.C. § 928(a). Under § 28(b) of the Longshore Act, if the employer concedes that some compensation is due, but a controversy arises as to the amount of compensation, the case is sent to conference to a deputy commissioner or Board, which will recommend a decision. If the employer refuses to accept this recommendation, and the employee refuses the amount offered by the employer, the employer will be liable for the employee's reasonable attorney's fees if the actual award is "greater than the amount paid or tendered by the employer[.]" 33 U.S.C. § 928(b).

█ While neither the ALJ nor the Board specifically stated which of these provisions governed Martin's claim, we find that Martin was entitled to recover attorney's fees under either one. § 28(a) applies if the employer challenges liability under the Act for at least thirty days after notice of the claim. In such a case, establishing liability and the right to any compensation constitutes a successful prosecution. *See Bethenergy Mines Inc., v. Director, Office of Workers Compensation Programs*, 854 F.2d 632, 638 (3d Cir. 1988) (holding that a withdrawal of controversion is a concession that the employee is entitled to benefits, and therefore the claimant has succeeded); *American Stevedores, Inc., v. Salzano*, 538 F.2d 933, 937 (2d Cir.1976) ("it being determined that claimant is disabled within the meaning of the Act, claimant's attorney is entitled to

a fee for legal services rendered."). Here, the record indicates that McGinnis only conceded jurisdiction under the Longshore Act after this thirty day period. McGinnis has not rebutted Martin's claim that McGinnis was disputing jurisdiction as late as December 2, 1997. Therefore, Martin successfully prosecuted the claim when he established his bare right to compensation, regardless of the amount.

Similarly, if the ALJ and Board were proceeding under § 28(b) of the Act, Martin's attorneys also successfully prosecuted the claim. Under § 28(b), McGinnis only owes attorney's fees if Martin's attorneys were able to secure compensation greater than that offered or tendered by McGinnis. Here, McGinnis claimed that Martin was able to either return to his previous employment or work in a suitable alternative. Either finding would have significantly reduced McGinnis's liability. Both claims were rejected by the ALJ. As the ALJ and Board correctly noted, Martin's attorneys successfully prosecuted the claim by defending against McGinnis's arguments, which secured Martin a greater award.

McGinnis makes three basic objections to the Board's decision. First, McGinnis contends that Martin's attorneys could not secure any "additional benefit" after it had already conceded jurisdiction. Therefore, there could be no successful prosecution. However, as previously stated, § 28(a) of the Longshore Act only requires a claimant to establish coverage under the Act to show successful prosecution. While it is true that § 28(b) requires Martin's attorneys to secure compensation "greater" than that offered by McGinnis, Martin's attorneys accomplished just that when they defeated McGinnis's claims that Martin could return to his previous work or a suitable alternative thereof.

Next, McGinnis erroneously states that they won the only issue at trial: whether

there was a permanent and total disability. However, as stated by the ALJ and Board, other issues were clearly raised and lost by McGinnis; most notably, whether Martin could return to his previous employment or a suitable alternative thereof.

Finally, McGinnis contends that since the rates of pay under the Ohio statutes and the federal act were the same, Martin could not, and did not, receive any greater compensation under the federal act. This argument misstates Martin's burden. Even if the rates of pay are the same under both schemes, Martin received benefits under the Longshore Act that were unavailable to him under the Ohio laws. As the ALJ and Board found, Martin received compensation for periods when the Ohio workers' compensation payments were terminated Additionally, the ALJ found that the medical and disability benefits secured under the federal scheme were better than those provided by the OBWC. This finding was supported by Martin's doctor's testimony that the care provided by the State system had been inadequate.

Therefore, we hold that the Board's decision that Martin's attorneys successfully prosecuted his claim was based upon the substantial evidence in the record.

McGinnis next argues that Martin's attorney's fees were not reasonable because they were submitted in quarter-hour minimum increments. However, as the ALJ and Board found, nothing in the record shows that Martin's attorneys used such a method. While the fees were submitted in quarter-hours blocks, as required by the regulations,[2] the time allocated to the different tasks seem to be for actual time worked; smaller tasks were grouped together to fit the regulation's requirement. Therefore, we need not reach the issue of whether quarter-hour minimum billing is unreasonable, as the ALJ and Board find-

ings that Martin's attorneys did not use such a method is supported by the substantial evidence in the record.

■ The final issue McGinnis's raises on appeal challenges the reasonableness of Martin's attorneys billing 10.5 hours for defending the appeal of the ALJ decision before the Board. Although the briefs submitted to the ALJ and Board might have been similar, we find that the Board's decision that 10.5 hours was a reasonable amount of time to spend defending this appeal was in accordance with the law.

For these reasons, we affirm the Board's decision.